ORANGE LUMBER COMPANY, APPELLANT, v. JAMES DE FAGO, BUILDER, AND PARKWAY REALTY COMPANY ET AL., OWNERS, RESPONDENTS.

Submitted May 14, 1926—Decided November 16, 1926.

The test provided by section 2 of the Mechanics' Lien law, as to whether the lands and buildings shall be liable to the contractor alone, is the time of the filing of the principal contract with relation to the time of the actual doing of the work for, or the actual furnishing of the materials to, the principal contractor by third persons; not the time when the contracts for doing such work or furnishing such materials were entered into.

---

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *William Tyacke.*

For the respondent, *Bernard Mindes.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This is an action brought under the Mechanics' Lien law.    The defendant De Fago entered into a contract with the Parkway Realty Company for the building of certain houses upon lands then owned by the latter and located in the town of Bloomfield.    Subsequently, the realty company conveyed a certain portion of the premises to one Paul Levinson, the other defendant. The contract referred to was dated March 15th, 1924, and was filed in the Essex county clerk's office on the following day.    Three days before the filing of this contract De Fago, the builder, entered into an agreement in writing with the plaintiff corporation, by the terms of which the latter was to furnish to him lumber to be used in the erection of some of the buildings embraced in the contract between him and the Parkway Realty Company.    The plaintiff supplied to De Fago the lumber called for by its agreement with him, and this lumber was used by him in the construction of the buildings which he erected under his contract with the Parkway Realty Company.    De Fago having defaulted in his payments for the lumber, the plaintiff, in January, 1925, filed a lien claim in the office of the county clerk, and then instituted the present suit.    When the case came on for hearing a motion to dismiss was made on behalf of the defendants upon the ground that, under the facts stated, the Orange Lumber Company had no lien under our Mechanics' Lien law.    The plaintiff, on the other hand, insisted that, as its agreement antedated the contract entered into between De Fago and the realty company, it was entitled to a lien on the property of the Parkway Realty Company and Levinson to the extent that the materials furnished by it had been

used in the construction of the buildings erected upon their respective lands, notwithstanding the filing of the principal contract, as provided by the second section of our Mechanics' Lien law. The trial court considered that this claim of the plaintiff was without substance, and directed the entry of a dismissal. The plaintiff has appealed from the judgment entered in accordance with this holding.

Our consideration of the case leads us to the conclusion that the course pursued by the trial court was proper. The second section of our Mechanics' Lien law (*Comp. Stat., p.* 3293) provides that when any building erected in whole or in part by contract in writing, such building and the land whereon it stands, shall be liable to the contractor alone for work done or materials furnished in pursuance of such contract, provided said contract, together with the specifications accompanying the same, be filed in the office of the clerk of the county in which such building is situate before such work is done or such materials are furnished. There is nothing in the present case which even suggests that any of the materials upon which the plaintiff company's claim is based were furnished before the filing of the primary contract. The test provided by the statute is the time of the filing of the principal contract with relation to the time of the actual doing of the work for or the actual furnishing of the materials to the principal contractor by third persons; not the time when the contracts for doing such work or furnishing such materials were entered into. This being so, it follows as a necessary sequence that the claim of the plaintiff to a lien upon the property involved in the present litigation is without legal support.

The judgment under review will be affirmed.